UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NICOLAS POORMAN,** *et al.***,**

    **Plaintiffs,**

v.

    Case No. 2:23-cv-3945
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**SERVBANK,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Servbank's Motion to Dismiss Counts One and Five of Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6). (Mot., ECF No. 17.) Plaintiffs Nicolas and Kayla Poorman oppose the Motion and filed a Motion for Leave to File Amended Complaint in Response to Motion to Dismiss Counts One and Five. (ECF No. 18.) The dispute over Count One centers on a simple typographic error that the Court determines is appropriately resolved by granting leave to amend. Regarding Count Five, the Court finds that the Poormans have sufficiently stated a claim for relief as alleged in the original Complaint. (Compl., ECF No. 1.)

For those reasons and others stated in this Opinion and Order, the Court **DENIES** Servbank's Motion to Dismiss (ECF No. 17) and **GRANTS** the Poormans' Motion for Leave to Amend (ECF No. 18).

## BACKGROUND

Nicolas and Kayla Poorman executed a residential loan for the purchase of their home in Circleville, Ohio in 2018. (Compl., ¶¶ 7, 10; Mot., PageID 579.) The Poormans allege that Servbank services the Note and Mortgage (the "loan") related to the property. (Compl. ¶ 8.)

Servbank filed a foreclosure action against the Poormans in the Pickaway County Court of Common Pleas. (*Id.* ¶ 16.) In August 2022, the Poormans submitted a loan modification application to Servbank over email. (*Id.* ¶ 17.) The Poormans then sent Servbank two requests for information, seeking specific information to help with their modification application. (*Id.* ¶¶ 18–20.) They allege that Servbank did not timely respond to these requests, and they sent a notice of error regarding the untimely response. (*Id.* ¶¶ 21–22.) Servbank provided responses to the Poormans' requests in October and November 2022. (*Id.* ¶¶ 23–24.) Additionally, Servbank made a trial loan modification offer that was received by the Poormans on October 17, 2022. (*Id.* ¶¶ 31–32.) The Poormans made payments according to this trial plan offer. (*Id.* ¶ 32.)

Servbank sent the Poormans a permanent loan modification offer, which the Poormans executed and returned to Servbank on March 2, 2023. (*Id.* ¶¶ 34–36.) Later that month, they attempted to make a payment in accordance with the permanent plan, but Servbank notified them that the loan modification had been cancelled. (*Id.* ¶ 37.) The Poormans allege that Servbank's permanent modification documents were untimely and that Servbank failed to send a written denial letter. (*Id.* ¶¶ 38–39.) They sent Servbank a notice of error on April 7, 2023, which Servbank received on April 14. (*Id.* ¶ 40.) Servbank failed to timely acknowledge or respond to the notice of error, and the Poormans submitted another notice of error on May 20, 2023. (*Id.* ¶ 43–44.) That notice was delivered to Servbank on May 30, 2023. (*Id.* ¶ 44.)

The Poormans submitted a new loan modification application on May 30, 2023, and they received a new permanent loan modification offer on June 7, 2023. (*Id.* ¶¶ 49, 51–52.) Servbank notified the Poormans that the loan modification offer documents were due to Servbank 14 days after receipt. (*Id.* ¶ 54.) The Poormans returned the executed documents to Servbank on June 21, 2023. (*Id.* ¶ 55.) The Poormans attempted to make a payment according to the new plan, but

Servbank returned it and explained that the loan modification offer was cancelled because the Poormans failed to timely return the documents. (*Id.* ¶¶ 58–60.)

The Poormans allege that Servbank's actions, including the conveyance of false information, have made it impossible for them to successfully obtain a loan modification to cure their default. (*Id.* ¶¶ 62, 110.) They filed this lawsuit, bringing three federal claims to enforce regulations promulgated by the Consumer Financial Protection Bureau: Failure to fully or properly respond to a request for information, in violation of 12 C.F.R. § 1024.24[1] (Count One); Failure to fully or properly respond to a notice of error, in violation of 12 C.F.R. 1024.35 (Count Two); and Failure to follow proper loss mitigation procedures, in violation of 12 C.F.R. § 1024.41 (Count Three). (*See* Compl.) They also bring state law claims for Intentional Fraudulent Misrepresentation (Count Four) and Negligent Misrepresentation (Count Five). (*Id.*)

Servbank moved to dismiss Counts One and Five of the Complaint. (Mot.) The Poormans filed a response in opposition, moved this Court for leave to amend the complaint, and attached a proposed Amended Complaint. (Resp., ECF No. 18; Am. Compl., ECF No. 18-1.) Servbank replied in support of its Motion and in opposition to the motion for leave to amend. (Reply, ECF No. 21.)

## LEGAL STANDARD

To state a claim upon which relief may be granted, a plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

---

[1] The Poormans explain that they intended to cite to 12 C.F.R. § 1024.36. (Resp., PageID 588.)

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## ANALYSIS

### I. Count One – Claim Under 12 C.F.R. § 1024.36

Servbank argues that Count One of the Complaint should be dismissed because Plaintiffs mislabeled their claim as arising under 12 C.F.R. §§ 1024.24 and 1024.24.36, both of which do not exist. (Mot., PageID 581–82; Compl. ¶¶ 67–74.) The Poormans admit their typographic error, explaining that they meant to bring the claim under 12 C.F.R. § 1024.36. (Resp., PageID 588.) To address the error, they move the Court for leave to file a First Amended Complaint that cites to the correct code section. (Resp., PageID 588; Am. Compl., ECF No. 18-1.)

Rule 15 of the Federal Rules of Civil Procedure provides, "[A] party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). Courts interpret Rule 15(a) "as setting forth a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (citations omitted) "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Thus, courts may deny leave to amend when a proposed

4

amendment fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b). The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman* at 182.

Applying the liberal policy of Rule 15(a), the Court finds that the Poormans' motion for leave to amend the Complaint is warranted as to Count One. Apart from correcting the code citations, Count One of the Amended Complaint does not substantially differ from Count One of the Complaint. (Compare Am. Compl. ¶¶ 81–88 with Compl. ¶¶ 67–74.) And Servbank does not argue that the Poormans' claim under the correct code section fails to state a claim upon which relief can be granted. (*See* Mot.) Accordingly, the Court **GRANTS** the Poormans' Motion for Leave to Amend as to Count One of the Complaint. (ECF No. 18.)

## II. Count Five – Negligent Misrepresentation

Servbank argues that the Court should dismiss the Poormans' claim for negligent misrepresentation for failure to state a claim upon which relief can be granted. (Mot., PageID 582.) The Parties do not dispute that Ohio law governs this claim. (*Id.*; Resp., PageID 591–92.)

Ohio courts apply the definition of negligent misrepresentation provided for in 3 Restatement of the Law 2d, Torts (1965) 126–27, § 552. *See Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989). Thus, under Ohio law:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
> > (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> > (b) through reliance upon it in a transaction that he intends the information

>>to influence or knows that the recipient so intends or in a substantially similar transaction.

Restatement, § 552; *see Delman* at 838; *Gutter v. Dow Jones Inc.*, 490 N.E.2d 898, 900 (Ohio 1986) (also applying § 552 of the Restatement).

### a. No Independent "Special Relationship" Requirement

Servbank argues that the Poormans' Complaint fails to state a claim for negligent misrepresentation because the Poormans and Servbank lack the type of business relationship required to bring the claim under Ohio law. (Mot., PageID 582.) At least one court has characterized the tort as requiring a "special relationship" between the plaintiff and defendant that "does not exist in ordinary business transactions." *See Picker Int'l, Inc. v. Mayo Found.*, 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998) (citing *Haddon View Inv. Co. v. Coopers & Lybrand,* 436 N.E.2d 212, 214–15 (Ohio 1982)). But other courts have clarified that the term "special relationship" merely encompasses the existing elements of negligent misrepresentation rather than creating a new element. *Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Prods. Inc.*, No. 2:02-CV-1288, 2007 WL 894833, at *11 (S.D. Ohio Mar. 22, 2007) (Holschuh, J.); *see ATM Exch., Inc. v. Visa Int'l Serv. Ass'n*, No. 1:05-CV-00732, 2008 WL 3843530, at *16 (S.D. Ohio Aug. 14, 2008) (adopting the holding of *Nat'l Mulch*).

Additionally, "Ohio law does not support barring a cause of action for negligent misrepresentation because the defendant supplied information to guide the plaintiff in a business transaction with the defendant." *Id.* (holding that Ohio courts do not preclude negligent misrepresentation liability for "ordinary business transactions"). Although "the Ohio Supreme Court has addressed the issue of a defendant's liability to a third party for negligent misrepresentations, . . . it has never limited a negligent misrepresentation claim to third parties only." *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 622 N.E.2d 1093,

6

1107 (Ohio Ct. App. 1993) (citing *Haddon View*, 436 N.E.2d 212; *Delman*, 534 N.E.2d 835; and *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206, 207 (Ohio 1990)). In other words, Ohio law permits a negligent misrepresentation claim where the plaintiff making the claim is a direct customer of the defendant who supplied the allegedly false information. *See Sindel v. Toledo Edison Co.*, 622 N.E.2d 706, 710 (Ohio Ct. App. 1993) (affirming negligent misrepresentation liability of a defendant electric utility company to plaintiff grocery store owners who were the defendant's customers). This interpretation reflects Ohio's definition of negligent misrepresentation, under which liability may be found regarding "any other transaction in which [the defendant] has a pecuniary interest." *Delman*, 534 N.E.2d at 838.

    b. **Sufficiency of the Complaint**

In the Complaint, the Poormans allege that they requested substantial information from Servbank relating to their home loan. (Compl. ¶ 20.) To facilitate their application for a loan modification, they asked Servbank for identification of various involved parties (including the master servicer and the owners of the mortgage and the note), information about the loan itself, copies of relevant documents, and whether money was being held in suspense. (*Id.*) They allege that Servbank, as their loan servicer, eventually supplied responses to these questions, and they argue that the responses were untimely. (*Id.* ¶¶ 23–24.) The Poormans claim that Servbank "failed to use reasonable care of competence in ensuring that the procedures on the modification offer and loan modification application were true and accurate" and that it falsely stated a time requirement to return the loan modification documents. (*Id.* ¶ 110.) They also claim justifiable reliance on Servbank's representations since they followed Servbank's instructions, and, as a result, suffered economic losses. (*Id.* ¶¶ 111–12.) Last, they claim that Servbank had an economic interest in keeping the Poormans' loan in default. (*Id.* ¶ 113.)

The Court finds that these facts, taken as true, are sufficient to state a claim for negligent misrepresentation under Ohio law. As alleged, Servbank is a business with a pecuniary interest in its business relationship with the Poormans. In the course of that business relationship, Servbank allegedly provided false information to the Poormans. The Poormans, relying on their loan servicer to provide accurate and timely information, justifiably relied on that information for their application for a loan modification. It was foreseeable that the Poormans would have used the information supplied by Servbank for the purpose of guiding their business transactions, namely, seeking a loan modification and other potential transactions relating to their home loan. (*See* Resp., PageID 590.) Servbank allegedly failed to use reasonable care in communicating accurate and timely information to the Poormans for those purposes.

Accordingly, the facts as alleged in the Complaint are sufficient for the Court to draw a reasonable inference that Servbank is liable for negligent misrepresentation. The Court **DENIES** Servbank's Motion to Dismiss regarding Count Five. (ECF No. 17.)

  c. **The Poormans' Motion for Leave to Amend**

As stated above, the Court granted the Poormans' Motion for Leave to Amend as to Count One of the Complaint. The Court also finds the Poormans' Motion for Leave to Amend justified regarding the rest of the Complaint. The proposed Amended Complaint alleges many of the same facts as the Complaint but adds more detail to the allegations under Count Five. (*See* Am. Compl. ¶¶ 123–144.) Since this Court already concluded that the Poormans sufficiently stated a claim for negligent misrepresentation in the Complaint and denied Servbank's Motion to Dismiss, amending the Complaint would not be futile, and Servbank does not suffer undue prejudice from permitting the Poormans to add allegations under that Count. *See* Fed. R. Civ. P. 15(a); *Miller*, 408 F.3d at 817.

Accordingly, the Court **GRANTS** the Poormans' Motion for Leave to Amend regarding the rest of the Complaint.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **DENIES** Servbank's Motion to Dismiss Counts One and Five of Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6). (Mot., ECF No. 17.) The Court **GRANTS** the Poormans' Motion for Leave to File Amended Complaint in Response to Motion to Dismiss Counts One and Five. (ECF No. 18.) The Poormans may file their Amended Complaint as provided to the Court in their motion. (ECF No. 18-1.)

This case remains open.

**IT IS SO ORDERED.**

**2/11/2025**                           s/Edmund A. Sargus, Jr.
**DATE**                                   **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**