**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NICOLAS POORMAN,** *et al.*,

           **Plaintiffs,**

    **v.**

**SERVBANK,** *et al.*,

           **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:23-cv-3945**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**ORDER**

This matter came before the Court for a telephonic discovery hearing on April 20, 2026. All parties appeared and were represented by counsel.  At the conference, the parties discussed a variety of discovery issues, including outstanding document requests, Defendants' responses to certain interrogatories directed to Defendant Stavros Papastavrou, the depositions of Plaintiffs Nicolas and Kayla Poorman, and the deposition of Mr. Papastavrou.  This Order memorializes the conference.

As to the outstanding document requests, Plaintiffs' counsel represented that Defendants have not produced any documents in response to his requests for production in this action and made an oral motion to compel the production of documents responsive to 8 specific Requests for Production directed at Defendant The Money Source, Inc.  Defendants' counsel represented that prior counsel for the Defendants had previously provided numerous documents to Plaintiffs.  With respect to the 8 RFPs directed at The Money Source, Inc., Defendants' counsel represented that he objected to the RFPs based on relevance and the confidential nature of the documents.

Accordingly, the Court **ORDERS** Defendants to re-send the documents that they represent were previously produced to Plaintiffs by **today, April 20, 2026, at 7 p.m. EST**. For the reasons stated on the call, the Court further **GRANTS** Plaintiffs' motion to compel, **DENIES** Defendants' motion to quash, and **ORDERS** Defendants to produce the documents responsive to the 8 RFPs directed at The Money Source, Inc. **by tomorrow, April 21, 2026, at 5 p.m. EST**. Any proposed protective order must likewise be submitted **by tomorrow, April 21, 2026, at 5 p.m. EST**. Defendants' counsel **SHALL** certify on the record that Defendants have complied with the production of these documents.

As to Defendants' responses to interrogatories, Plaintiffs' counsel represented that Mr. Papastavrou had failed to adequately respond to certain interrogatory requests, arguing that Mr. Papastavrou had provided incomplete or evasive responses to the requests. Defendants' counsel responded that Mr. Papastavrou had responded to the requests in good faith. The Court takes Defendants' counsel at his word that Mr. Papastavrou provided good faith responses to the interrogatories and **DENIES** Plaintiffs' request to compel additional responses to the interrogatories. To the extent Plaintiffs' counsel seeks clarification of the responses Mr. Papastavrou provided, the Court encourages the parties to work together to resolve any ambiguities.

As to the depositions of the Poormans, Plaintiffs' counsel sought to bar the depositions of the Poormans, arguing that the Poormans have previously been deposed in this action by Defendant Servbank. Defendants' counsel responded that the prior depositions of the Poormans were only on behalf of Defendant Servbank and that the Defendants added to the case in the Second Amended Complaint were still entitled to separately depose the Poormans.

The Court **DENIES** Plaintiffs' request to quash the depositions of the Poormans. Defendants' counsel may depose the Poormans on behalf of the later added Defendants with the limitation that the second deposition may not be duplicative of the prior depositions taken on behalf of Defendant Servbank.  The depositions of the Poormans **SHALL** take place on **April 29th and April 30th, 2026**, unless by agreement of the parties otherwise.

As to the deposition of Mr. Papastavrou, Plaintiffs' counsel represented that he needed Defendants' counsel to provide a date certain for said deposition.  The parties agreed that the deposition of Mr. Papastavrou will take place on April 28th, 2026.

Accordingly, the deposition of Mr. Papastavrou **SHALL** take place on **April 28th, 2026**, unless by agreement of the parties otherwise.

The parties are **ADVISED** that failure to comply with this Order may result in contempt, or in sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

    **IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

3